UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jane Doe, for herself and as next friend to her minor child, Minor Doe,

          Plaintiffs,

v.

Southfield Public Schools, *et al.*,

          Defendants.

_____/

Case No. 24-10760

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

**ORDER TO SUPPLEMENT THE RECORD AND ORDER STRIKING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [2]**

Plaintiffs Jane Doe and Minor Doe[1] filed the complaint in this matter on March 25, 2024. (ECF No. 1.) The complaint was filed anonymously, with the Plaintiffs using the pseudonyms "Jane Doe" and "Minor Doe." (*Id.*)

Federal Rule of Civil Procedure 10(a) states, "[t]he title of the complaint must name all the parties." Dismissal of a complaint for

---

[1] There appear to be two plaintiffs in this suit, as Jane Doe purports to bring suit both for herself and as next friend to her minor child, Minor Doe. (*See* ECF No. 1.)

failure to comply with Rule 10(a) is appropriate when a plaintiff files suit under a pseudonym.[2] *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184, at *3 (6th Cir. Mar. 8, 2024) (citing *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189 (6th Cir. May 6, 2020); *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1045-46 (9th Cir. 2010)). A plaintiff may only proceed under a pseudonym by filing a motion for a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

> [W]e may excuse plaintiffs from identifying themselves in certain circumstances. Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

Porter, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

---

[2] The Court does not suggest that the minor's full name is required to comply with Federal Rule of Civil Procedure 10(a). Under Federal Rule of Civil Procedure 5.2(a)(3), parties may only include a minor's initials in filings.

Plaintiffs' complaint does not seek permission to proceed under a pseudonym. (ECF No. 1.) Plaintiffs have not submitted any other filings seeking permission to proceed under a pseudonym. Accordingly, Plaintiffs must file a motion for a protective order to proceed anonymously by **April 10, 2024.**

Further, the Court has reviewed Plaintiffs' motion for preliminary injunction. (ECF No. 2.) The Court strikes that document for missing a statement of concurrence. *See* E.D. Mich. LR 7.1(a). The document (ECF No. 2) is STRICKEN and not part of the record. The document must be refiled in full compliance with the applicable rule by **April 12, 2024**.

Finally, Plaintiffs are ordered to clarify, in writing, by **April 10, 2024**, if they intended to include a "Minor Doe" as a defendant. Minor Doe is currently listed on the docket as a defendant, but there are no allegations in the complaint that relate to Defendant Minor Doe.

IT IS SO ORDERED.

Dated: March 29, 2024        s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
