# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jane Doe, for herself and as next friend to her minor child, Minor Doe,

        Plaintiffs,

v.

Southfield Public Schools, *et al.*,

        Defendants.

_____/

Case No. 24-10760

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

## ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR PROTECTIVE ORDER TO PROCEED UNDER PSEUDONYMS [5]

Before the Court is Plaintiffs' ex parte motion for protective order to proceed under pseudonyms. (ECF No. 5.) Plaintiffs Jane Doe and Minor Doe filed the complaint in this matter on March 25, 2024. (ECF No. 1.) The complaint was filed anonymously, with the Plaintiffs using the pseudonyms "Jane Doe" and "Minor Doe." (*Id.*) Plaintiffs bring suit against Southfield Public Schools ("SPS") and employees of SPS, alleging that Defendants violated Minor Doe's rights when Minor Doe was expelled. (*See id.*)

A plaintiff may only proceed under a pseudonym by filing a motion for a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). "As a general matter, a complaint must state the names of all parties," but a court "may excuse plaintiffs from identifying themselves in certain circumstances." *Porter*, 370 F.3d at 560.

> Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

Although Plaintiffs do not address the second *Porter* factor, the Court finds that the other factors weigh in favor of Plaintiffs' anonymity.

Plaintiffs easily meet the first and fourth *Porter* factors. This suit challenges the actions of a public school and its employees, which are government actors. Further, this case concerns a child, Minor Doe. Minor Doe is twelve years old. (ECF No. 5, PageID.142.) Plaintiffs who

are children are especially vulnerable and courts routinely grant them "a heightened protection." *See Porter*, 370 F.3d at 561 (discussing the "special vulnerability" of the "very young children" in that case); *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Courts frequently grant protective orders to minors who challenge governmental conduct.").

The third *Porter* factor also weighs in favor of Plaintiffs' anonymity. Plaintiffs state that "while there has been no criminal prosecution, there are allegations related to the potential of criminal charges due to the posts, and Minor Doe should not have fear that any facts or testimony elicited or included in filings here . . . may be used against them in a potential criminal proceeding." (ECF No. 5, PageID.142.) According to the complaint, Minor Doe was accused by SPS and its employees of violating the SPS Code of Conduct's policies on "knowledge of dangerous weapons or threats of violence," "harassment," "safety concerns," "disruptive behavior," and "gross behavior." (ECF No. 1, PageID.16.) Anonymity is reasonable in light of these circumstances.

3

In order to protect Minor Doe, the Court will also grant anonymity to Jane Doe. Plaintiffs argue that "Minor Doe would be able to be identified if his mother's name [was] included in litigation." (ECF No. 5, PageID.142.) Courts frequently permit parents bringing suit on behalf of minors to remain anonymous, to protect the minor's identity. *See Doe v. Shea*, No. 23-12797, 2023 WL 7993436, at *2 (E.D. Mich. Nov. 17, 2023) ("[T]he disclosure of K.M.'s identity, as she is A.M.'s mother, will by extension compromise the privacy of A.M."); *Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d at 1027–28.

Finally, the Court finds that this protective order would not hinder the Defendants' ability to litigate this case. *See Porter*, 370 F.3d at 561 (discussing the effect of anonymity on the defendant's ability to conduct discovery and prepare for trial). Based on the allegations in the complaint, it is very likely that the Defendants in this suit know the identity of Jane Doe and Minor Doe. The events described in the complaint occurred very recently, and the dates and descriptions of hearings, letters, and other contact between the parties are identifying. *See Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 n.1 (S.D. Ohio Aug. 15,

4

2016) (determining that "[t]here is no question that the parties in this suit already know Jane's true identity" based on the circumstances).

Accordingly, Plaintiffs' ex parte motion for protective order (ECF No. 5) is GRANTED.

IT IS SO ORDERED.

Dated: April 8, 2024         s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2024.

                                                     s/William Barkholz
                                                     WILLIAM BARKHOLZ
                                                     Case Manager