UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, as Next Friend to her minor child, MINOR DOE, | |
| Plaintiff, | Case No. 24-10760 |
| v. | Honorable Robert J. White |
| SOUTHFIELD PUBLIC SCHOOLS, et al. | |
| Defendants. | |

**STIPULATED MUTUAL PROTECTIVE ORDER**

Good cause being present as this Order is necessary to protect the parties from annoyance, embarrassment, oppression, or undue burden or expense through the disclosure of non-public, confidential, and/or sensitive information or otherwise; the parties hereto having so stipulated; and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED as follows:

(1) This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the

authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

(2) Except upon further order of the Court, all documents, electronically stored information, or things containing information which has been designated by any party to this civil action as Confidential shall not be disclosed by a non-designating party or its counsel except as allowed by this Order.  If the designating party produces such a document or thing, and the document or thing is capable of being so marked, the designating party shall clearly mark it as "CONFIDENTIAL". If a person or entity other than the designating party produces such documents or things (for example, a health care provider or a copy service), or if the things so designated are electronically stored information, then the designating party shall send a written communication to counsel for the other parties designating the documents, electronically stored information, or things as "CONFIDENTIAL".

(3) Documents, electronically stored information, or things are only to be designated as Confidential pursuant to this Order to the extent that they contain any

non-public and confidential income, tax, financial, educational, student, personal (home addresses, non-work phone numbers, Social Security Numbers), employment, health, treatment, psychiatric, psychological, and/or medical document and/or information ("materials") produced by any party to this action (the "Producing Party") to any other party (the "Discovering Party").

(4) Documents, electronically stored information, or things designated as Confidential pursuant to this Order shall be used by the Discovering Party only for the purposes of this litigation and for no other purpose. Every person to whom disclosures of such Confidential information are made shall be advised of the terms of this Protective Order and shall be bound by it. After receiving any documents, electronically stored information, or things designated as Confidential pursuant to this Order, the Discovering Party shall not make such materials available to any person except:

(A) Such employees of the Discovering Party as are involved in the prosecuting or defending of this action;

(B) Attorneys engaged or employed by the Discovering Party and their supporting staff;

(C) Any expert witness or consultant engaged by the Discovering Party or its attorneys or employees to assist in connection with this action;

(D) Any other party to this case who is also bound by this Order; and/or

(E) Attorneys engaged or employed by any other party to this case who is also bound by this Order and their supporting staff.

(5) Nothing in paragraph (4) above shall prevent the parties from using documents and/or information received in discovery in any proceeding in this action, including, but not limited to:

(A) Discovery depositions;

(B) Motions, briefs and pleadings;

(C) Argument before the Court;

(D) Mediation or facilitation;

(E) Trial or appeal.

(7) A party may challenge the designation of documents, electronically stored information, or things as Confidential pursuant to this Order. The burden of upholding the designation shall be on the party designating the documents, electronically stored information, or things as Confidential.

(8) Compliance with the terms of this Protective Order shall not be deemed an admission that any documents, electronically stored information, or things are not otherwise protected from disclosure, relevant, or admissible into evidence, and shall not constitute a waiver of the right of any person to object to the production, use, or admission or any documents, electronically stored information, or things.

(9) At the conclusion of this litigation, all materials described herein,

including copies produced in discovery and in the possession of the Discovering Party or any other person to whom such materials were made available by the Discovering Party, shall be returned to the Producing Party or destroyed by the Discovering Party, at the option of the Producing Party. If the Producing Party elects the option of return, the Producing Party must so state within 60 days of entry of the final Order in the case and the postage for such return shall be paid by the Producing Party. Otherwise, the documents shall be destroyed.

(10) This Order may be modified upon written stipulation of the parties, or by the Court upon Motion of any party, for good cause shown.

Dated: September 19, 2024            s/Robert J. White
                                     Robert J. White
                                     United States District Judge


**STIPULATED TO:**

/s/ Carla D. Aikens (w/permission)    /s/ Mark W. Oszust
CARLA D. AIKENS (P69530)              MICHAEL D. WEAVER (P43985)
REJANAE M. THURMAN (P85701)           MARK W. OSZUST (P82854)
Carla D. Aikens, P.L.C.               Plunkett Cooney
Attorneys for Plaintiff               Attorney for Defendants
615 Griswold St., Suite 709           38505 Woodward Ave., Ste. 100
Detroit, MI 48226                     Bloomfield Hills, MI 48304
(844) 835-2993l                       (248) 901-4025
Fax (877) 454-1680                    mweaver@plunkettcooney.com
carla@aikenslawfirm.com               moszust@plunkettcooney.com
rejanae@aikenslawfirm.com

5