UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, *individually and as next friend to her minor child,* MINOR DOE, et al., | |
| Plaintiff, | Case No. 24-cv-10760 |
| v. | Honorable Robert J. White |
| SOUTHFIELD PUBLIC SCHOOLS, et al., | |
| Defendants. | |

## ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (ECF NO. 57)

Plaintiff Jane Doe sued Defendants on behalf of her minor child, Minor Doe, for alleged violations of Minor Doe's constitutional rights. (ECF No. 33). Plaintiff claimed Defendants expelled Minor Doe without due process and in retaliation for Minor Doe's protected speech. (*Id.* at PageID.425–33). Defendants include Southfield Public Schools (SPS), its Board of Education (the Board), and several SPS employees. (*Id.* at PageID.403–04).

Presently before the Court is Defendants' motion for a protective order. (ECF No. 57). In the motion, Defendants requested the Court limit Plaintiff to twenty-five

Requests for Admission (RFAs); for context, Plaintiff issued fifty RFAs to Defendants. (*Id.* at PageID.628–29; ECF No. 57-2).

## I.     Legal Standard

"A party . . . from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1).  The court may grant a protective order "for good cause" to protect the moving party "from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

Federal Rule of Civil Procedure 36 governs RFAs.  The Rule authorizes a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1)" related to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)–(B).  Rule 36 does not limit the number of RFAs a party may serve.

## II.    Analysis

To support their argument, Defendants claimed that many of Plaintiffs' RFAs were irrelevant, overbroad, or unduly burdensome. (ECF No. 57, PageID.634–35).  The Court disagrees and therefore will not limit Plaintiff to twenty-five RFAs.

First, Plaintiff's RFAs are relevant.  The examples Defendants offered to show irrelevancy belie their argument.  The examples included RFAs about school meeting dates prior to Minor Doe's expulsion and SPS's Code of Conduct as it relates to

suspension and expulsion, among others.  (*Id.*).  But the events leading up to Minor Doe's expulsion, and SPS's applicable rules, undoubtedly affect the due process claims.  So Defendants' argument is unavailing.

Plus, the RFAs would largely facilitate "proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).  Based on the purpose of RFAs, the Court does not find Plaintiff's requests overly broad. Confirmation of basic information like meeting dates or Code of Conduct rules allows the parties to focus on the contested facts.  And if Defendants believe an RFA asks for information outside the scope of this discovery tool, they can always object.

Defendants also claimed that fifty RFAs is unduly burdensome.  The Court is less convinced.  There are eight Defendants listed on the docket in this case, all of whom may have played a part in the events at issue.  Plaintiff alleged six separate counts. (ECF No. 33, PageID.425–33). The number of Defendants and counts brought justifies more than twenty-five RFAs.  Moreover, Defendants cited case law where the party seeking the protective order faced significantly more RFAs than here. *See Merrill v. King*, No. 22-cv-10541, 2024 WL 4995557, at *1 (E.D. Mich. Dec. 5, 2024) (94 RFAs); *Taylor v. Great Lakes Waste Servs.*, No. 06-cv-12312, 2007 WL 422036, at *2 (E.D. Mich. Feb. 2, 2007) (297 RFAs); *Dassault Systemes, SA v. Childress*, No. 09-10534, 2013 WL 12181775, at *5 (E.D. Mich. Sept. 5, 2013) (596

RFAs).  As a result, the Defendants' cases are not directly analogous and lack sufficient persuasive value to change the Court's decision.  For the reasons stated, the Court finds that Defendants did not show good cause to grant the motion.

* * *

For the reasons given, the Court **ORDERS** that the motion for protective order (ECF No. 57) is **DENIED**.

Dated: January 16, 2026                    s/Robert J. White_____
                                           Robert J. White
                                           United States District Judge